**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORENZO P. NASH, SR., | Civil Action No. 12-7741 (JBS) |
| Plaintiffs, | |
| v. | **OPINION** |
| N.J. DEPT. OF CORRECTIONS, et al., | |
| Defendants. | |

**APPEARANCES:**

    LORENZO P. NASH, SR., #764310B
    Southern State Correctional Facility
    4295 Route #47
    Delmont, NJ  08314

**SIMANDLE, Chief Judge**:

    Lorenzo P. Nash, Sr., an inmate who is confined at Southern State Correctional Facility ("SSCF"), seeks to file a Complaint asserting violation of rights under 42 U.S.C. § 1983 without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis*. Having thoroughly reviewed the Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction.[1]

---

[1] This Court makes no determination as to the merits of any claim Plaintiff may have arising under New Jersey law.

## I. BACKGROUND

Lorenzo P. Nash, Sr., brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the New Jersey Department of Corrections ("NJDOC"), NJDOC Hearing Officer Elizabeth DiBenedetto, and C. Ray Hughes, Administrator of SSCF. (ECF No. 1 at p.1.) The action arises from an administrative disciplinary proceeding against Nash while he was confined at SSCF. Nash asserts the following facts in the body of the Complaint:

> On 12/21/2010, I appeared before Hearing Officer Elizabeth DiBenedetto for the disciplinary charges of .802/.754, I offered testimony as to my unawareness of the other inmate's attempt, and that I had no p[r]ior association or communication with the inmate. My testimony went ignored and I received 10 days detention an[d] 60 days loss of comp time. I was removed from my work detail as a paralegal. I appealed to the administrator C. Ray Hughes and after review he upheld the hearing officer's decision although it was arbitrary and not derived from any proof that I had attempted to circumvent the Department's rules. After appealing my case to the Superior Court Appellate Division, I was afforded a re-hearing and adjudicated not guilty.
>
> After being adjudicated not guilty at the re-hearing, I submitted a remedy for reimbursement of my out-of-pocket expenses with the facility's administration. I was told that I would have to proceed further and I wrote the New Jersey Department of Corrections Commissioner and was told that I would need to file with the Court of New Jersey . . . . This civil Complaint comes after filing with the Bureau of Risk Management Tort and Contract Unit over 6 months prior and not receiving any response from them.

(ECF No. 1 at 3-4.)

For violation of his constitutional rights, Nash requests the following relief: reimbursement for out-of-pocket expenses, including lost pay, and damages. (ECF No. 1 at 7.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity, and to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted

3

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

### III. DISCUSSION

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This Court construes the Complaint as attempting to assert two claims: (1) Nash was deprived of liberty without due process when he spent 10 days in disciplinary detention, and (2) Nash was deprived of property without due process of law.

A. Due Process – Deprivation of Liberty

A prisoner facing the loss of a legally cognizable liberty interest following disciplinary proceedings has a due process right to certain procedural protections. *See Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). However, a prisoner is deprived of a liberty interest protected by the Due Process Clause only when the conditions of confinement "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In considering whether the conditions impose atypical and significant hardship in relation to the ordinary incidents of prison life, a court must consider "two factors: 1) the amount of time the prisoner was placed into . . . segregation; and 2) whether the conditions of his confinement

5

. . . were significantly more restrictive than those imposed upon other inmates in solitary confinement." *Shoats v. Horn*, 213 F. 3d 140, 144 (3d Cir. 2000).

In this Complaint, Nash complains that he was wrongfully placed in disciplinary detention for 10 days. Because the Third Circuit has held that confinement in segregation for 15 months is not an atypical and significant hardship, *see Griffin v. Vaughn,* 112 F.3d 703, 708 (3d Cir. 1997) ("[E]xposure to the conditions of administrative custody for periods of as long as 15 months . . . did not deprive [the inmate] of a liberty interest"), Nash's 10-days in segregated confinement did not deprive him of a protected liberty interest. *See Velasquez v. DiGuglielmo*, 2013 WL 1122717 at *5 (3d Cir. Mar. 19, 2013) ("four-month confinement in the [restricted housing unit] does not constitute an atypical or significant hardship"); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002)(seven months in disciplinary confinement did not impose atypical and significant hardship). Because Plaintiff's allegations fail to establish that he was deprived of a protected liberty interest, his due process deprivation of liberty claim necessarily fails and will be dismissed.

B.  Due Process – Deprivation of Property

Nash complains that he spent money on appealing the disciplinary sanction to the Appellate Division of the New Jersey Superior Court, and he lost income from his paralegal job while he was improperly confined in disciplinary detention. This Court construes these allegations as an attempt to assert a claim for deprivation of property without due process.

The Due Process Clause prohibits a state or local government from depriving a person of property without providing due process of law. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). To analyze a due process claim, a court conducts a two-part inquiry: a court determines whether the plaintiff "was deprived of a protected interest, and, if so, what process was his due." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see also Holman v. Hilton*, 712 F.2d 854, 858 (3d Cir. 1983). Although Nash may have a property interest in the money he expended to appeal, cf. *Tillman v. Lebanon County Correctional Facility*, 221 F. 3d 410, 421 (3d Cir. 2000); *Reynolds v. Wagner*, 128 F. 3d 166, 179 (3d Cir. 1997), his due process property claim nevertheless fails as a matter of law because the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 *et seq.*, and the prison's grievance procedure, *see* N.J. Admin. Code § 10A:1-4.1(a)(1)

(effective June 16, 2008), provide all the process that is due. *See Holman*, 712 F.2d at 857; *Asquith v. Volunteers of America*, 1 F. Supp.2d 405, 419 (D.N.J. 1998), *aff'd* 186 F.3d 407 (3d Cir. 1999). Because the NJTCA and inmate remedy procedures were available post-deprivation remedies providing all the process which is due, Nash's due process deprivation of property claim fails and this Court will dismiss it for failure to state a claim upon which relief may be granted. *See id.; Pettaway v. SCI Albion*, 2012 WL 1850919 (3d Cir. May 22, 2012) (dismissing as frivolous inmate's appeal challenging order dismissing his deprivation of property claim); *Crosby v. Piazza*, 465 Fed. App'x 168, 172 (3d Cir. 2012) (affirming dismissal of inmate deprivation of property claim on ground that administrative grievance procedure provided adequate post-deprivation remedy); *Tillman v. Lebanon County Correc. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000) (prison's grievance program provided adequate post-deprivation remedy for inmate's deprivation of property claim).

C. Amended Complaint

Although this Court generally grants leave to file an amended complaint, *see DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), this Court will not grant leave to amend, with regard to the federal claims under the due process clause

as discussed above, since amendment in this case would be futile.

D. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In this case, this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over any claims Plaintiff may have under New Jersey law.[2]

---

[2] Nor does this Court make any determination as to the merits of any such claim(s).

## IV.  CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed *in forma pauperis*, dismiss the federal claims in the Complaint, and decline to exercise supplemental jurisdiction.

                                           **s/ Jerome B. Simandle**
                                           **JEROME B. SIMANDLE**
                                           Chief Judge

Dated: **May 13**, **2013**